UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DAVID BUSH, | No.  2:26-cv-02002 DAD SCR |
| Plaintiffs, | ORDER |
| v. | |
| AMERICAN EXPRESS NATIONAL BANK, et al., | |
| Defendants. | |

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Before the court is Plaintiff's second motion for leave to proceed in forma pauperis ("IFP") (ECF No. 5) and two motions to e-file (ECF Nos. 3 & 6).  The Court will deny the motion to proceed IFP and allow Plaintiff the opportunity to file a renewed motion or pay the filing fee.  The motions to e-file are also denied.

The Court previously denied Plaintiff's first motion for IFP because it was incomplete. *See* ECF No. 4.  The Court directed Plaintiff to "provide information as to average monthly expenses"; to list the current value of the three vehicles he owns; and to "fully answer" question #5 concerning assets.  *Id*. at 2.  Plaintiff's second motion does not adequately address these issues.  Plaintiff now states he recently made $15,000 from the sale of honey, but does not have an "expectation to receive more yet."  ECF No. 5 at 1.  Plaintiff does not list the value of his

1

vehicles, and does not list any real estate, despite previously answering that his real estate owned was "in conflict" (ECF No. 2 at 1).  Plaintiff also does not provide information as to average monthly expenses, rather stating only that he has "litigation expenses" from litigation in Mexico.  ECF No. 5 at 2.

The Ninth Circuit has recognized "one need not be absolutely destitute to obtain benefits" of the IFP statute.  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).  However, "a plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty."  *Id.* (internal citation and quotation omitted).  Plaintiff's application provides insufficient information from which the Court can determine Plaintiff's average monthly income and average monthly expenses.  The Court cannot discern whether Plaintiff's monthly expenses exceed his income.  *See Valentine v. Granville Realty, Inc.*, 2025 WL 1839935, at *2 (E.D. Cal. July 3, 2025) ("Courts have consistently held that IFP status should not be granted where an applicant can pay the filing fee with acceptable sacrifice to other expenses.").  The second motion to proceed IFP is DENIED.

Plaintiff also filed a motion to e-file on June 16, 2026, and a motion to e-file on June 29, 2026.  A Local Rule of this Court provides that "any person appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge." LR 133(b)(2).  This Local Rule recognizes, as do similar local rules in other Districts, the difficulties that can ensue for both pro se litigants and Court staff when pro se litigants attempt to use e-filing.  *See, e.g., Baker v. IC Sys., Inc.*, No. CV-08-8091- PCT-DGC, 2008 WL 4186166, at 1 (D. Ariz. Sept. 9, 2008) (denying motion to e-file and stating the "Court's policy is to require pro se litigants to submit documents in paper form so that the Clerk's Office can insure that the documents are properly filed").

Plaintiff states that he has the necessary technology resources to participate in e-filing.  ECF No. 3 at 2.  He further states allowing e-filing will allow him to submit documents in a "timely and reliable manner."  *Id*. at 3.  Plaintiff also states that he is able to receive notice of electronic filing and Court communications by e-mail at williamdbush@gmail.com.  *Id.* at 6.

Plaintiff's second motion to e-file (ECF No. 6) is on a form document, and for a different court, the Central District of California.

Plaintiff's motion gives no reason why he cannot continue to file in paper, and his listed address is located in downtown Sacramento, relatively close to the courthouse, which should facilitate ease of filing.  This litigation is at an early stage where Plaintiff has not been granted IFP status, the Court has not screened the complaint pursuant to 28 U.S.C. §1915, and no Defendant has appeared.  The Court does not find good cause for Plaintiff to participate in e-filing at this time.  If the complaint ultimately passes screening, and Defendants are served and appear, Plaintiff may renew the motion to e-file at that time.

In considering whether Plaintiff should be granted leave from the Local Rule to e-file, the Court has also considered Plaintiff's conduct in the litigation thus far.  Plaintiff has filed an unnecessary second motion to e-file, and the second motion was filed on an incorrect form from another court.  Plaintiff has not followed the Court's directive in submitting the second motion for IFP, which is still incomplete.  These unnecessary filings and errors cause the Court concern regarding whether Plaintiff would use e-filing appropriately.  The Court finds that Plaintiff's motions to electronically file do not present good cause to deviate from the default under the Local Rules, and the motions are DENIED, except to the extent the Court will direct the Clerk to configure CM/ECF so that Plaintiff may receive immediate electronic notice of filings.

Accordingly, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's motion to proceed IFP (ECF No. 5) is DENIED.

2.  Plaintiff may file a renewed motion to proceed IFP that addresses the issues set forth herein within 21 days of the date of this Order, and that fully answers all questions on the AO 240 form.

3.  Alternatively, if Plaintiff does not wish to file a renewed motion for IFP, Plaintiff may pay the filing fee.

4.  If Plaintiff does not file a renewed motion or pay the filing fee within 21 days, the Court will recommend that this action be dismissed without prejudice.

5. Plaintiff's motions to e-file (ECF Nos. 3 & 6) are DENIED. However, the Clerk is directed to configure the CM/ECF system so that Plaintiff receives immediate email notifications of Court filings at williamdbush@gmail.com

IT IS SO ORDERED.

DATED: July 6, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

4